[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14077
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 22, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00122-CR-T-24-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWIN GEORGE COOPER,
a.k.a. Wayne Williams,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 22, 2010)

Before DUBINA, Chief Judge, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Edwin George Cooper appeals his 30-month sentence imposed after pleading guilty to one count of illegal reentry into the United States after deportation for a felony, in violation of 8 U.S.C. § 1326(a) and (b). On appeal, he argues that his upward-variant sentence is procedurally and substantively unreasonable. He also argues, and the government concedes, that the judgment improperly reflects that he was convicted of illegal reentry after deportation for an aggravated felony.

## I. Procedural Reasonableness

Cooper argues that his sentence was procedurally unreasonable because the district court expressly refused to consider some potentially mitigating § 3553(a) factors. He asserts the court placed sole weight on one factor: his previous illegal reentry conviction. He argues that the guideline enhancement he received under § 2L1.2(b)(1)(D), for deportation subsequent to a felony conviction, accounted for his previous illegal entries. He also argues that the court failed to provide an adequate explanation for the upward variance. He further argues that our precedent, in which we held that a district court need only acknowledge consideration of the defendant's arguments and the 3553(a) factors, conflicts with other circuits.

We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). We must "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." *Id.*

The sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in § 3553(a)(2), namely to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future criminal conduct by the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide

3

restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (3)-(7). The district court need not discuss each factor; rather an acknowledgment "that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under *Booker[1]*." *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). Not every case requires a full opinion or a response to every argument. *Rita v. United States*, 551 U.S. 338, 356-57, 127 S. Ct. 2456, 2468, 168 L. Ed. 2d 203 (2007). Rather, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* at 356, 127 S. Ct. at 2468.

In determining a reasonable sentence, the district court may consider facts that have already been taken into account in calculating the defendant's guideline range. *See United States v. Williams*, 526 F.3d 1312, 1323-24 (11th Cir. 2008) (as part of history and characteristics of the defendant, district court could consider defendant's prior offenses in deciding to impose an upward variance, even though those offenses were already included in the defendant's criminal history score); *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an

---

[1] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence").

The record belies Cooper's contention that the court failed to adequately consider the § 3553(a) factors and did not explain its rationale for the variance. The court specifically noted its consideration of all the § 3553(a) factors. Additionally, the court's comments at sentencing, as well as the arguments that it heard, demonstrate the court's consideration of many pertinent § 3553(a) factors. Although the court's nine-month variance above the high end of Cooper's guideline range was significant, the district court's consideration of many of the § 3553(a) factors and its statements that the sentence was sufficient, but not greater than necessary, serve as sufficient justification. *See Gall*, 552 U.S. at 50, 128 S.Ct. at 597 (holding that if a court "decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance"). The record also demonstrates that the court considered the 3553(a) factors, "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita*, 551 U.S. at 356, 127 S. Ct. at 2468; *see also Talley*, 431 F.3d at 786 (holding that it is sufficient for a court to acknowledge its consideration of the parties' arguments and the 3553(a) factors). Regarding

5

Cooper's argument that the court considered facts that were taken into account when calculating his guideline range, we have held that a court may properly do so. *See Williams*, 526 F.3d at 1324. Thus, we conclude from the record that Cooper's sentence is not procedurally unreasonable.

## II. Substantive Reasonableness

Cooper also argues that his sentence was substantively unreasonable because (1) the sentence was greater than necessary to achieve the purposes of sentencing; and (2) the court engaged in "quintuple counting" in determining his sentence.

The reasonableness standard of review announced in *Booker* requires appellate courts to review the ultimate sentence imposed under a "deferential abuse-of-discretion standard." *Gall*, 552 U.S. at 41, 128 S. Ct. at 591. In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the sentence in light of the § 3553(a) factors. *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006). The district court has discretion to determine the weight that should be given to each factor. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). However, we may find that the district court has abused its discretion if the weight it gives to the factors yields an unreasonable sentence. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). The burden of establishing that the sentence is unreasonable in light of the record and

the § 3553(a) factors lies with the party challenging the sentence. *Talley*, 431 F.3d at 788.

We conclude from the record that the district court considered the § 3553(a) factors and sentenced Cooper to 30 months' imprisonment, which was well within his total statutory range of 0 to 10 years' imprisonment. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (concluding that the sentence was reasonable in part because it was well below the statutory maximum), *cert. denied*, 129 S.Ct. 2848 (2009). Although the district court imposed an upward variance, the court provided a thorough rationale for which such a sentence was necessary and found that the 60-month total sentence was "sufficient but not greater than necessary to comply with the statutory purposes of the sentencing." Given the facts of this case, which includes the failure of a previous short sentence to deter him, Cooper has not provided any compelling argument that the court abused its discretion when weighing the sentencing factors. S*ee Clay*, 483 F.3d at 743 (district court has discretion to determine weight given to each factor). Thus, we conclude that Cooper has failed to show that the court abused its discretion when sentencing him.

### III. Clerical Error in the Judgment

Cooper argues that the judgment improperly reflects that he was convicted of illegal reentry after deportation for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2), when he was actually convicted of illegal reentry after deportation for a felony, in violation of 8 U.S.C. § 1326(a) and (b)(1).

"We may *sua sponte* raise the issue of clerical errors in the judgment and remand with instructions that the district court correct the errors." *United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006).

While we affirm the district court's 60-month sentence, the order of judgment erroneously references 8 U.S.C. § 1326(b)(2), which criminalizes illegal reentry after deportation for an *aggravated* felony and carries a 20-year statutory maximum, rather than § 1326(b)(1), which carries a 10-year statutory maximum. Thus, we vacate and remand for the limited purpose of correcting this clerical error. *See Massey*, 443 F.3d at 822.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**.